IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**DACOREY MOSS**                                                                                    **PETITIONER**

v.                                             No. 4:24-cv-4095

**MILLER COUNTY, ARKANSAS**                                              **RESPONDENT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dacorey Moss ("Moss") filed a Petition for *Habeas Corpus* Relief pursuant 28 U.S.C. § 2254 on September 11, 2024. ECF No. 1. The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case on September 11, 2024. Moss proceeds *pro se* and, because his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For the reasons discussed below, the Court recommends that Moss's *habeas corpus* petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in The United States District Courts.

**1.     Background:**

According to the Petition, Moss is an inmate in the Miller County Detention Facility in Texarkana, Arkansas. He is currently being held there pending trial on state capital murder charges. As far as the Court can determine from reviewing the Petition, Moss makes the following claims:

-there is insufficient evidence to convict him of the crime charged.

-he has been provided ineffective assistance of counsel.

-he has not been allowed to review discovery materials.

-he has been held for over six months without having any information about the case.

-he has been denied bail/bond.

1

**2.     Discussion:**

   **a. Section 2254.**

*Habeas corpus* has long been held to be a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Section 2254 is available only for individuals who are "in custody pursuant to the *judgment* of a State court." 28 U.S.C. § 2254(a) and (b) (emphasis added). *See Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to posttrial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court' "), *cert. denied,* 484 U.S. 956 (1987).

This case is different from most Federal *habeas corpus* proceedings initiated by individuals in state custody. Moss is not challenging a state criminal conviction or sentence, or any other final state court judgment. To the contrary, Moss admits several times in his Petition that he is awaiting trial, that he has not pled guilty, and in fact is innocent of the charges against him. Here, Moss is not presently in custody pursuant to a final judgment of a state court, so the remedy provided by § 2254 is not available to him at this time.

   **b. Summary Dismissal.**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides, in part, that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Here, it plainly appears that Moss is not entitled to relief because he is not "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Rather, he is a pretrial detainee who is still awaiting either a trial or a plea hearing. As § 2254 relief is not available to Moss pre-judgment, the instant Petition must be denied and dismissed.

### c. Certificate of Appealability.

The Court has also considered whether or not a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moss has made no such a showing, and no certificate of appealability should issue.

### d. Other Claims.

Within his 28 U.S.C. § 2254 Petition, Moss appears to complain about the conditions of confinement at the Miller County Detention Facility. He also makes a bare claim of false imprisonment. These claims are not properly brought under a petition for writ of *habeas corpus*, which is available for "challenging the very fact or duration of his physical imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, such claims may be submitted pursuant to 42 U.S.C. § 1983. If Moss wishes to pursue these claims, he must do so by filing a separate

civil action. In addition, petitioner must either file a motion for leave to proceed *in forma pauperis* or pay the filing fee for any such civil action.

3. **Recommendation**:

Based on the foregoing, the Court recommends Moss's *pro se* Petition for *Habeas Corpus* Relief pursuant 28 U.S.C. § 2254 (ECF No. 1) be **DENIED** and dismissed without prejudice and that Moss be notified of this denial and dismissal by the Clerk of this Court. It is further recommended that no certificate of appealability be issued.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **23rd day of September 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4